Citation Nr: 1554534 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 06-25 598 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Entitlement to an initial rating in excess of 50 percent for the Veteran's posttraumatic stress disorder (PTSD) prior to October 27, 2015, and a rating in excess of 70 percent thereafter.

2. Entitlement to a total disability evaluation due to individual unemployability (TDIU) prior to January 22, 2009.


REPRESENTATION

Appellant represented by: New York State Division of Veterans' Affairs


ATTORNEY FOR THE BOARD

B. Garcia, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1968 to February 1970.

This matter comes before the Board of Veterans' Appeals (Board) from an August 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. This case was previously before the Board in October 2009 and March 2011, when the matter was remanded for a Travel Board hearing. In March 2015, the Veteran withdrew his hearing request in writing. The Board also remanded this case in June 2015 for a contemporaneous medical examination to assess the current nature, extent, and severity of the Veteran's service-connected PTSD.

During the pendency of the appeal, the RO, in an October 2008 rating decision, granted an increased initial evaluation of 50 percent for the Veteran's PTSD, effective April 28, 2005. In a November 2015 rating decision, the RO granted an increased evaluation of 70 percent for the Veteran's PTSD, effective October 27, 2015. As the grant of a 50 percent rating, effective April 28, 2005, and the grant of a 70 percent rating, effective October 27, 2015, did not constitute a full grant of the benefits sought, the increased rating issue remains on appeal. See AB v. Brown, 6 Vet. App. 35, 39 (1993).

A claim for TDIU is part and parcel of an increased rating claim where a veteran asserts that his service-connected disabilities prevent him from working. See Rice v. Shinseki, 22 Vet. App. 447, 454-55 (2009). In this case, the record raises a TDIU issue. In his September 2005 notice of disagreement, as well as in his August 2006 VA Form 9, the Veteran asserted that he was unable to work to his "fullest capacity" because of his service-connected PTSD. At an August 2008 VA examination, the Veteran reported that he had not been employed in any capacity for the preceding 10 months, as he was no longer able to maintain his part-time job at a deli counter following lung cancer surgery. The Board also notes that in an August 2006 VA Form 9, the Veteran indicated that he attached a VA Form 21-8940, Application for Increased Compensation Based on Unemployability. Although a copy of the VA Form 21-8940 is not included in the Veteran's claims file, the RO sent the Veteran a Veteran Claims Assistance Act (VCAA) notice letter pertaining to his TDIU claim in May 2009. However, there is no indication that the RO ever adjudicated the Veteran's TDIU claim. 

The Board recognizes that the Veteran was awarded a 100 percent rating for lung cancer as of December 26, 2007, and a 100 percent rating for a brain tumor as of January 22, 2009, although such rating was reduced to 60 percent from September 1, 2012. As a consequence, the Veteran was also awarded special monthly compensation (SMC) as of January 22, 2009, for having met the criteria for being housebound.

In Bradley v. Peake, the United States Court of Appeals for Veterans Claims, taking a position contrary to the one reached in VAOPGCPREC 6-99, held that, although no additional disability compensation may be paid when a total schedular disability rating is already in effect, a separate award of TDIU predicated on a single disability may form the basis for an award of special monthly compensation. See Bradley v. Peake, 22 Vet. App. 280 (2008) (holding that there could be a situation where a veteran has a schedular total rating for a particular service-connected disability, and could establish a TDIU rating for another service-connected disability in order to qualify for SMC under 38 U.S.C. § 1114(s) (West 2002) by having an "additional" disability of 60 percent or more ("housebound" rate)). Here, as SMC under 38 U.S.C.A. § 1114(s) was awarded from January 22, 2009, the issue of entitlement to a TDIU is moot as of that date.

The Board recognizes that, prior to December 26, 2007, the Veteran is not service-connected for any disability other than PTSD. Thus, entitlement to SMC under 38 U.S.C.A. § 1114(s) would not appear to be at issue for that period regardless of whether a 100 percent rating is established under the rating criteria or under the criteria for TDIU. Nevertheless, TDIU is a potential basis for awarding a 100 percent rating prior to that date and must be considered as an alternative.

Furthermore, for the period from December 26, 2007, to January 22, 2009, consideration of entitlement to a TDIU should exclude consideration of the service-connected lung cancer as such disability is rated as 100 percent during that period. In essence, pursuant to Bradley, entitlement to SMC under 38 U.S.C.A. § 1114(s) would only be warranted if the award of a TDIU was based on disability other than the service-connected lung cancer.

This is a paperless appeal located on the Veterans Benefits Management System. Documents on the Virtual VA paperless claims processing system are either duplicative of the evidence of record or not pertinent to the present appeal.

The appeal is REMANDED to the AOJ. The VA will notify the appellant if further action is required.


REMAND

Here, a remand is necessary to obtain records in the custody of a federal agency, specifically, the Social Security Administration (SSA). At February and March 2008 treatments at Vet Center, the Veteran reported that he had filed a Social Security disability claim, and in June 2008, he noted that his Social Security disability benefits had taken effect. In the case of federal records, the VA's duty to assist requires it to make as many requests as necessary to secure relevant federal records. See 38 U.S.C.A. § 5103A(b)(1); 38 C.F.R. § 3.159(c)(2) (stating that the VA will end its efforts to obtain federal records only if it concludes that the records sought do not exist or that further efforts to obtain those efforts would be futile). Accordingly, a remand is necessary to obtain and associate with the Veteran's claims file any SSA decisions awarding or denying benefits to the Veteran, in addition to the records upon which the SSA based any decision.

A remand is also necessary to attempt to obtain private medical treatment records. At a VA psychiatry treatment in January 2005, the Veteran reported that since returning from Vietnam, he had been feeling anxious and reclusive and that he had been taking Valium for 10 years that was prescribed by a private medical doctor. A January 2005 VA mental health nursing note details that the Veteran had been prescribed Valium since the since the 1970s. Additionally, at a December 2007 VA psychiatry treatment, the Veteran provided that he was taking Valium that was prescribed by his private family medicine physician, and at an August 2008 VA PTSD examination, the Veteran mentioned taking a pill for his "nerves" that was prescribed by a private physician. However, these private treatment records do not appear to be included in the Veteran's claims file. Under the VA's duty to assist, it must make reasonable efforts to help a claimant obtain relevant records that may substantiate a claim, including records from private medical providers. See 38 U.S.C.A. § 5103A(b)(1); 38 C.F.R. § 3.159(c)(1). Accordingly, where, as here, the record suggests that there are outstanding private treatment records that may be relevant to the Veteran's claim, the RO must attempt to obtain these records on remand. 

In addition, as stated in the Introduction section, the Board has determined that a claim for TDIU is part of the Veteran's pending increased rating claim. Although the RO sent the Veteran a VCAA notice letter pertaining to his TDIU claim in May 2009, the issue of entitlement to TDIU must be remanded for appropriate development, as a copy of the VA Form 21-8940 is not currently associated with the Veteran's claims file.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran, and, with his assistance, identify any outstanding records of pertinent medical treatment from VA or private health care providers. Follow the procedures for obtaining the records as set forth by 38 C.F.R. § 3.159(c). If the VA attempts to obtain any outstanding records which are unavailable, the Veteran should be notified in accordance with 38 C.F.R. § 3.159(e).

2. Forward a VA Form 21-8940 to the Veteran, and subsequently forward a VA Form 21-4192, Request for Employment Information in Connection with Claim for Disability Benefit, to the former employer(s) listed on any submitted VA Form 21-8940.

3. Perform an SSA inquiry to determine whether there are any records that exist but have not yet been associated with the claims file, to include any administrative decision(s) on any application for SSA disability benefits and all underlying medical records in SSA's possession. If the search for such records yields negative results, the claims file must be properly documented as to the unavailability of these records. Associate all SSA inquiries, records requests, and responses received with the claims file. 

4. After undertaking any other development it deems necessary, the AOJ should readjudicate the issues on appeal. If any benefit sought is not granted, the AOJ should furnish the Veteran and his representative with a supplemental statement of the case and afford an opportunity to respond. The claims file should then be returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).